*Cofer, for appellees.*

---

## GEORGE W. CHISM v. ELIZABETH CHISM.

Exemption—Widow without Children—Failure to Demand—Administrators Duty.

A widow, who has no children left by her deceased husband, is entitled to her exemption and the fact that she failed to demand said exemption when the appraisment was made, did not release the administrator from his responsibility incurred by taking and selling the property, it being his duty to cause the exempt articles to be set apart to her.

APPEAL FROM MEADE CIRCUIT COURT.

October 13, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

If the appellee was entitled to any recovery in this case a careful examination of the record has satisfied us that the sum adjudged to her was not too large.

But the main question to be determined is, whether, as the appellant's late husband, Richard Chism, left no infant children residing with her, she was entitled to the benefit of the provisions of the 5th subdivision of section 11 of chapter 30 of the Revised Statutes,

which declares, that "If an intestate leaves a widow the following property, (one work-beast, &c., &c.) shall be set apart by the appraisers of the estate and vest in such widow for the use and benefit of herself and the infant children of the intestate, if any residing in the family."

In the case of Newman vs. Winlock's Admr. involving the construction of the above provision of the statute, it was held by this court, at its last term, that the widow was entitled to have the exempted property set apart to her, including provisions for herself although her husband left no infant children residing with her. She being only chargeable with the exempted property under a succeeding part of the same section, if there were children of the intestate who did not reside with her.

The fact that the appellee failed to demand when the appraisement was made, that the exempted property should be set apart to her, did not release the administrator from his responsibility incurred by taking and selling the property. It was his duty to cause the exempted articles to be set apart for the appellee, as directed by the statute.

It appears that the appellee retained two beds and some other property which was exempt from sale for which she was not required to account, as property purchased or taken at its appraised value, but the report of the commissioner, as corrected by the court does not charge the appellant with these articles.

He seems only to have been charged with the exempted property for which the appellee accounted to him as purchased and taken under the appraisement, and which was improperly sold to others, amounting to $191.42 and from that sum was deducted $38, the excess of what she received and purchased, over what she actually paid for, leaving a balance which with interest, computed to the date of the judgment, amounted at least to $195.36, the sum adjudged to the appellee.

Wherefore, no error being perceived in the judgment to the appellants prejudice, the same is affirmed.

*Walker,* for appellant.

*Wintersmith,* for appellee.